IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 31 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

ROBERTA T. LAWLER,                §
                                  §
        Plaintiff,                §
                                  §
VS.                               §   NO. 4:11-CV-477-A
                                  §
FIDELITY NATIONAL TITLE           §
INSURANCE COMPANY,                §
                                  §
        Defendant.                §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment filed in the above action by defendant, Fidelity National Title Insurance Company. Plaintiff, Roberta T. Lawler, filed a response and appendix, and defendant filed its reply. Having now considered all of the parties' filings, the entire summary judgment record, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Undisputed Facts and the Summary Judgment Motion

Plaintiff initiated this removed action by the filing on June 2, 2011, of her original petition in County Court at Law Number 2 in Tarrant County, Texas. The litigation arises from the following undisputed facts:

On or about April 13, 2007, plaintiff purchased property

located in Keller, Texas, from Deutche Bank National Trust Company ("Deutche Bank") by special warranty deed. On or about May 7, 2007, defendant issued to plaintiff a Texas Residential Owner Policy of Title Insurance, policy number 27-39-93-261891 jsg ("Policy"), insuring plaintiff's interest in the property. Of pertinence to this action are the following Policy provisions:

    4.   OUR CHOICES WHEN YOU NOTIFY US OF A CLAIM

        a.   After we receive your claim notice or in any other way learn of a matter for which we are liable, we can do one or more of the following:

            (1)   Pay the claim against your title.

            (2)   Negotiate a settlement.

            (3)   Prosecute or defend a court case related to the claim.

            (4)   Pay you the amount required by this Policy.

            (5)   Take other action under Section 4b.

            (6)   Cancel this policy by paying the Policy Amount, then in force, and only those costs, attorneys' fees and expenses incurred up to that time that we are obligated to pay.

    We can choose which of these to do.

. . . .

    5.   HANDLING A CLAIM OR COURT CASE

    You must cooperate with us in handling any claim or court case and give us all relevant information. We must repay you only for those settlement costs, attorneys' fees and expenses that we approve in

2

> advance. When we defend or sue to clear your title, we have a right to choose the attorney. You have the right to disapprove our choice of attorney for reasonable cause. We can appeal any decision to the highest court. We do not have to pay your claim until your case is finally decided. We do not agree that the matter is a covered title risk by defending.

App. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s App.") at 18-19.

On or about July 6, 2010, plaintiff received a Notice to Vacate, informing her that the property had been sold at foreclosure to a new owner, and directing her to vacate the property within three days.[1] Plaintiff also learned that a suit was pending in the 236th Judicial District Court of Tarrant County ("State Court Action"), initiated by the purchaser of the property, to resolve questions about funds paid into the state court's registry from the foreclosure sale. Defendant concedes for purposes of the summary judgment motion that "issues regarding title to [plaintiff's] Property [] are currently being litigated in the Tarrant County state court lawsuit." Def.'s Br. in Supp. of Mot. for Summ. J. ("Def.'s Br.") at 4.

Upon receipt of the Notice to Vacate, plaintiff submitted a claim to defendant under the Policy, whereupon defendant retained the law firm of Law, Snakard and Gamble ("Law, Snakard") to represent plaintiff under the Policy. Law, Snakard filed a

---

[1] The record reflects that the foreclosure was related to a prior tax lien.

petition in intervention in the State Court Action on plaintiff's behalf, and continues to represent plaintiff in that proceeding at this time.

Although the petition does not clearly delineate any claims or causes of action, plaintiff appears to complain that the Law, Snakard attorney hired by defendant has not pursued the strategy suggested by plaintiff's counsel in the instant action, Virgil Lowrie ("Lowrie"), nor has defendant acquiesced to plaintiff's demand that it settle with plaintiff rather than proceed with the State Court Action.

Defendant has interpreted plaintiff's petition as alleging claims against it for breach of the duty of good faith and fair dealing in handling plaintiff's claim under the Policy, as well as for breach of the Policy. Defendant contends that summary judgment is proper on both of these claims because it has not breached any duty of good faith and fair dealing; it has not breached any terms of the Policy, but instead has performed in accordance with the Policy provisions; and plaintiff's claims are not ripe for adjudication.

II.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense

if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

III.

Analysis

The court agrees that it is difficult to discern what, if any, causes of action plaintiff has purportedly asserted against defendant in the petition. However, the court concludes that summary judgment is warranted on the issues raised and briefed by the parties: whether defendant breached the contract or breached its duty of good faith and fair dealing. The summary judgment evidence clearly establishes that defendant acted consistent with the terms of the Policy, and no summary judgment evidence establishes a breach of any obligation by defendant.

Under Texas law, insurance policies are "interpreted in accordance with the rules of construction that apply to all contracts generally." Sharp v. State Farm Fire & Cas. Ins. Co., 115 F.3d 1258, 1260-61 (5th Cir. 1997) (citing Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995)). To establish a breach of the Policy requires plaintiff to show the existence of a valid contract, performance by plaintiff, a breach by defendant, and damage to plaintiff. Lewis v. Bank of Am. NA, 343 F.3d 540, 544-45 (5th Cir. 2003) (citing Palmer v. Espey Huston & Assocs., Inc., 84 S.W.3d 345, 353 (Tex. App.--Corpus Christie 2002, pet. denied)).

When plaintiff submitted her claim to defendant, the

applicable Policy language required defendant to take some action: pay the claim, negotiate a settlement, prosecute or defend a court case on the claim, or pay the Policy amount, among other options. The Policy expressly authorized defendant to determine which option to pursue. It is undisputed that defendant engaged counsel to prosecute a court case related to the claim, as expressly authorized by the Policy, and that counsel continued to prosecute the case at the time defendant filed its summary judgment motion. Because defendant acted pursuant to the terms of the Policy, no breach occurred.

In her response plaintiff relies on the following language in paragraph five of the Policy to support her claim of defendant's breach: "You have the right to disapprove our choice of attorney for reasonable cause." Def.'s App. at 19. Plaintiff refers the court generally to documents in the appendix submitted with her response that purportedly show defendant "failed to respond or confer" with her about this provision, with this failure amounting to a breach of the Policy. Pl's Br. in Supp. of the Resp. to Def.'s Mot. for Summ. J. ("Pl.'s Br.") at 6. Plaintiff, however, has directed the court to nothing in the summary judgment record that indicates she informed defendant

that she disapproved of defendant's choice of attorney.[2]

The exhibits referred to by plaintiff are copies of letters purportedly sent by Lowrie to defendant's in-house counsel or the Law, Snakard attorney retained on plaintiff's behalf. Some of the letters request copies of pleadings; other letters stress that plaintiff is encountering financial difficulties and urge settlement of the State Court Action; and some suggest possible courses of action that could be taken, including urging defendant to settle with plaintiff. For example, a letter dated December 27, 2010, to the Law, Snakard attorney states that plaintiff may lose her property if the State Court Action is not quickly resolved and asks "to be advised of the basis upon which [defendant] would agree to settle the case with [plaintiff]." App. to Pl.'s Resp. at 71. Other letters urge Law, Snakard to demand Deutche Bank rescind the purchase contract and follow such demand with a motion for summary judgment.

It appears that the intent of the letters was to urge Law, Snakard or defendant's in-house counsel to implement the strategy suggested by Lowrie, namely, to dismiss plaintiff from the State Court Action and negotiate some settlement on her behalf with

---

[2] To defeat summary judgment, plaintiff, as the nonmovant, must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [her] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (internal citations omitted). Plaintiff referred the court generally to her exhibits but failed to identify either the specific evidence in the record or precisely how it supports her claims.

Deutsche Bank. However, none of the letters voices disapproval of Law, Snakard, nor do they ask that defendant appoint new counsel. Plaintiff has adduced no summary judgment evidence to raise a genuine issue of material fact concerning any alleged breach by defendant of the Policy.

In the response plaintiff appears to argue that the fact that a dispute arose over plaintiff's title to the property is also evidence of defendant's breach. If that is plaintiff's argument, she misapprehends the purpose of the Policy. "A title insurance policy is a contract of indemnity." <u>Chicago Title Ins. Co. v. McDaniel</u>, 875 S.W.2d 310, 311 (Tex. 1994) (per curiam). The duty of a title insurance company to its insured is to indemnify the insured against a loss occasioned by a defect in title. <u>Id.</u> Issuance of a title policy is not a representation of the status of the property's title; the title insurance company has no duty to point out to the insured any outstanding encumbrances. <u>Martinka v. Commonwealth Land Title Ins. Co.</u>, 836 S.W.2d 773, 777 (Tex. App.--Houston [1st Dist.] 1992, writ denied). This is borne out by language in the Policy informing plaintiff that the Policy "is not an opinion or report of your title" but is "a contract of indemnity, meaning a promise to pay you or to take other action" if a loss results from a covered title risk. Def.'s App. at 7, 9, 12. Thus, a breach of the

Policy does not arise because plaintiff filed a claim according to its terms.

Defendant also contends it has not breached its duty of good faith and fair dealing, which occurs when an insurer denies or delays payment of a claim after its liability becomes reasonably clear. Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 56 (Tex. 1997).[3] In the response plaintiff relies on the correspondence included in her appendix to argue that defendant did indeed breach its duty in a number of ways: by failing to make a demand to Deutche Bank for rescission of the purchase, not following that demand with a motion for summary judgment or otherwise taking steps to end plaintiff's involvement in the State Court Action, and failing to reimburse plaintiff the amount of the Policy. The difficulty for plaintiff is that under the terms of the Policy, none of these acts or omissions constitute a breach of defendant's duty of good faith and fair dealing.

Where a policy of title insurance gives the insurer the right or duty to defend its insured against adverse claims to title, the insurer may take the opportunity to prosecute the action on the insured's behalf before paying the claim.

---

[3]Defendant states the test for a breach of the duty of good faith and fair dealing as "no reasonable basis for denial of a claim, delay in payment, or failure on the part of the insurer to determine whether there is any reasonable basis for denial or delay." Def.'s Br. at 6, citing Arnold v. Nat'l Cnty. Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987). However, the Texas Supreme Court modified Arnold in Universe Life Ins. Co. v. Giles, 950 S.W.2d 48 (Tex. 1997). Defendant prevails under either test.

Martinka, 836 S.W.2d at 776; S. Title Guar. Co., Inc. v. Prendergast, 494 S.W.2d 154, 156 (Tex. 1973). The exercise by a title insurer of its contractual right to initiate or defend a court action on its insured's behalf thus does not constitute a breach of the duty of good faith and fair dealing. Martinka, 836 S.W.2d at 776; First State Bank v. Am. Title Ins. Co., 1996 WL 400322 at *4 (5th Cir. June 19, 1996).

This is exactly the scenario before the court. The Policy afforded defendant a number of choices when plaintiff filed her claim, including the choice to "[p]rosecute or defend a court case related to the claim." Def.'s App. at 18. Defendant exercised its contractual right to intervene in the State Court Action on plaintiff's behalf before paying her claim under the Policy. Notably, under the Policy defendant is not required to pay plaintiff's claim "until [her] case is finally decided." Def.'s App. at 19. Plaintiff has directed the court to no summary judgment evidence showing any act or omission of defendant that could be construed as a breach of its duty of good faith and fair dealing.

Further, plaintiff has adduced no summary judgment evidence that Deutche Bank would have acquiesced to any demand for rescission had defendant made such a demand, nor is there any evidence of the basis of any summary judgment motion that

11

plaintiff contends Law, Snakard should have filed or that any of these acts, if undertaken by defendant or Law, Snakard, would have been successful. In short, there is no summary judgment evidence before the court of any breach by defendant of its duty of good faith and fair dealing.

## IV.

### Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Roberta T. Lawler, against defendant, Fidelity National Title Insurance Company, be, and are hereby, dismissed with prejudice.

SIGNED October 31, 2011.

JOHN McBRYDE
United States District Judge